UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY ESQ. SR., DBA SHEETMETAL & ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>LMC CONSTRUCTION, A LENNAR COMPANY,<br><br>Defendant. | No. 2:20-cv-00754 KJM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a), along with a supplemental statement as ordered by the court, showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

A. Screening Standard

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

////

1

or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

B.  The Complaint

Plaintiff brings this action in federal court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ECF No. 1 at 1.  Plaintiff alleges neither his own citizenship or defendant's citizenship.  Plaintiff alleges that on October 31, 2018, while acting as an agent for Sheetmetal and Associates, he injured himself while stopping to remove a sign owned by defendant, which was leaning against a tree.  Id. at 2.  Plaintiff alleges the sign caused the injury.  Id.  He references several putative causes of action including breach of contract, the tort of negligence, and assault. Id.  He notes that the Superior Court of California has declared him to be a vexatious litigant.  Id. ////

C. <u>Analysis</u>

The undersigned finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be rejected. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, he must also set forth the grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). On the face of the complaint now before the court, it does not appear the court has jurisdiction over plaintiff's claims. If plaintiff is attempting to establish diversity jurisdiction, plaintiff's state citizenship must be diverse from the named defendant. <u>See, e.g.</u>, <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 829 (1989) (explaining that "[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal").

Plaintiff is also informed that he cannot represent his company, Sheetmetal & Associates. The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th Cir. 2008); <u>see also</u> <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). To the extent plaintiff is attempting to represent Sheetmetal & Associates as an independent entity, the rules are clear that an entity may appear only by an attorney. <u>See</u> Local Rule 183(a). Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities "pro se." <u>Rowland v. Cal. Men's Colony, Unit II Men's Advisory</u>

1 Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . .
2 that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule
3 applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3
4 F.3d 1244, 1245 (9th Cir. 1993).  In this regard, "the law is clear that a corporation can be
5 represented only by a licensed attorney."  In re Bigelow, 179 F.3d 1164, 1165 (9th Cir. 1999).
6 Accordingly, plaintiff cannot assert any claim on behalf of Sheetmetal & Associates.  If plaintiff
7 chooses to amend his complaint, he is directed to file it on behalf of himself only as an individual
8 and without the use of "Esq." after his name, consistent with federal rules and this court's local
9 rules.

10      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
11 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
12 complaint be complete in itself without reference to any prior pleading.  This is because, as a
13 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
14 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
15 longer serves any function in the case.  Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.

18      In accordance with the above, IT IS HEREBY ORDERED that:
19      1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;
20      2. Plaintiff's complaint (ECF No. 1) is found unsuitable to proceed; and
21      3. Plaintiff is granted thirty days from the date of service of this order to file an amended
22 complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the
23 Local Rules of Practice; the amended complaint must bear the docket number assigned this case
24 and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the
25 ////
26 ////
27 ////
28 ////

amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 28, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE